## George Shirley v. State.

[57 South. 221.]

1. Sheriff. *Power to arrest. Pursuit of escaping offender—Carrying concealed weapons. Code 1906, section 1454.*

   A sheriff of one county who has a warrant from his county for an offender whom he learns is in another county, has no authority to execute such warrant in the latter county, such offender not being an "escaping offender" within Code 1906, section 1454.

2. Same.

   In such case the sheriff has no more authority to carry concealed weapons in the county where the offender is located than any other citizen.

Appeal from the circuit court of Wayne county.
Hon. Jno. L. Buckley, Judge.
Geo. Shirley was convicted of carrying concealed weapons and appealed.

The state's witnesses testified that defendant had a concealed weapon on his person in a drug store at the time he was reported. His defense was that he was a deputy sheriff of Harrison county, and that he was in Wayne county for the purpose of arresting a person charged with crime in Harrison county. He was not then engaged in the pursuit of an escaped offender, nor had he been deputized by the sheriff of Wayne county to make an arrest.

On the trial the court gave the following instruction for the state: "The court charges the jury that the fact that the defendant was a duly deputized deputy sheriff of Harrison county gave him no right to serve warrants or carry a pistol in Wayne county, and if the jury believes from the evidence beyond a reasonable doubt that the defendant carried concealed in whole or in part a pistol, as testified about, then they must find him guilty, even though they may further believe that he was a deputy sheriff of Harrison county at the time."

The court refused the following instruction for the defendant: "The court instructs the jury that if they believe from the evidence that the defendant was, at the time of the alleged carrying of the pistol concealed, a peace officer in discharge of his duties, then the jury should find the defendant not guilty."

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The appellant was indicted and convicted of carrying a concealed pistol. The court will note from the testimony that he had the pistol in his pocket at a drug store. It seems that he was a deputy sheriff of Harrison county, and had gone into Wayne county, according to his testimony, for the purpose of arresting a fugitive. It is not shown that he reported to the sheriff of Wayne county for assistance, or that he was deputized by him to make an arrest in Wayne county. He there-

fore had no power to make the arrest. Nor was he then engaged in the pursuit of a criminal or in an attempt to arrest him. He seems to have been loafing around a drug store. Under such state of facts, I think the case of *State* v. *Williams,* 72 Miss. 992, applies. There, it was held that a deputy United States Marshal had a right to carry a pistol when in the exercise of his official duties within his own district. In the opinion of the court, it is distinguished from the Clem Lea case, where the court held that a deputy marshal did not have a right to carry a concealed pistol outside of his district I do not find a report of the Clem Lea case. In order to set this matter at rest, I respectfully suggest it might be well for a written opinion to be handed down in the case at bar.

Argued orally by *W. H. Mayben.*

SMITH, J., delivered the opinion of the court.

Appellant, a deputy sheriff of Harrison county, was convicted in Wayne county of carrying concealed weapons. Ordinarily, when the sheriff of one county goes into another county, he has no more right to carry a weapon concealed than has any other private citizen. Appellant claims, however, that in this instance he had the right to carry a weapon concealed, for the reason that he had gone into Wayne county to arrest certain parties for whom he had warrants issued by the clerk of the circuit court of Harrison county and addressed to the sheriff of Harrison county. He was not in pursuit of escaped offenders, within the meaning of section 1454 of the Code of 1906, but had simply heard that the parties for whom he had the warrants were in Wayne county. As deputy sheriff of Harrison county, appellant was without authority to execute these warrants in Wayne county, had no more authority there to make arrests than any other private citizen had, and, consequently,

no more right to carry a weapon concealed than any other private citizen had. The court, therefore, committed no error in refusing instruction No. 2, requested by appellant, and in granting instruction No. 2, requested by the state.    *Affirmed.*